IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN KATHRYN REEVES,<br><br>Plaintiff,<br><br>v.<br><br>MONICA LEASURE, et al.,<br><br>Defendants. | Case No. 21-cv-00325-CRB<br><br>**ORDER GRANTING MOTION TO REMAND** |

Plaintiff Kathleen Reeves ("Reeves") sued various Defendants, including Defendant Kelly Gamble ("Gamble"), in the Superior Court of Alameda County, California. After litigating in state court and receiving notice of an amended complaint, Gamble removed the case to this Court. Reeves now moves to remand this action, arguing that the removal was untimely and procedurally defective. The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7–1(b) and therefore vacates the hearing currently scheduled for April 8, 2021. For the reasons discussed below, the Court GRANTS the motion to remand.

**I.   BACKGROUND**

Reeves is an attorney who owns a legal practice in San Leandro, CA. Motion to Remand (Mot.) (dkt. 20) Ex. A at 3. In October 2017, Reeves sued several of her employees in state court. Mot. at 1.[1] On June 17, 2018, Reeves filed an amended complaint ("Second Amended Complaint") against six named defendants and several doe defendants, alleging that these individuals "had begun profiting from [Reeves's] work, by

---

[1] Reeves filed this action in the State Court of Alameda County, California, under case number HG17880338.

diverting business that belonged to [Reeves]," and that these individuals "worked together to loot and destroy [Reeves's] practice."[2] Mot. Ex. A at 5; Mot. at 1. Specifically, Reeves asserted ten causes of action under both federal and state laws, including fraud by concealment, violation of the Federal Computer Fraud & Abuse Act, violation of the Computer Data Access & Fraud Act, and breach of fiduciary duty. See Mot. Ex. A. The case proceeded in state court for over two years. Mot. at 1.

On June 15, 2020, Reeves "filed an [a]mendment to the Second Amended Complaint with Summons" naming Gamble as Doe 7. Id. at 1. Reeves served Gamble with the summons and the Second Amended Complaint on July 13, 2020. See Mot. Ex. B. On August 11, 2020, Gamble "filed a Declaration of Automatic Extension of Time." Mot. at 2. Gamble filed a demurrer on September 3, 2020. See Mot. Ex. D.

On November 19, 2020, the state court sustained the demurrer, holding that the Second Amended Complaint did not "describe Gamble's or Doe 7's role in any of the matters forming the basis" for the asserted claims. Mot. Ex. D at 2. The court granted Reeves thirty days to file and serve a Third Amended Complaint showing how "Gamble relates to the Causes of Action." See id. Reeves filed the Third Amended Complaint on December 15, 2020 and simultaneously served Gamble. See Mot. at 2, Ex. E at 1.

On January 13, 2021, Gamble filed a Notice of Removal to federal court. See Mot. of Removal (dkt. 1). All Defendants served with the Third Amended Complaint consented to removal. See id. at 4. On February 8, 2021, Reeves moved for remand. See generally Mot. Gamble filed an opposition and Reeves filed a reply. See generally Opp'n (dkt. 24); Reply (dkt. 25).

## II.   LEGAL STANDARD

A party may file an action in federal court when its claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case can "aris[e]

---

[2] This order uses the terms First Complaint, Second Amended Complaint, and Third Amended Complaint to describe the three complaints filed by Reeves because these are the terms used by both parties and the state court.

under" federal law in two ways. First, "a case arises under federal law when federal law creates the cause of action asserted." Gunn v. Minton, 568 U.S. 251, 257 (2013). Second, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 258 (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–14 (2005)).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The defendant "has the burden to establish that removal is proper" and "that it has complied with the procedural requirements for removal." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Ligutom v. SunTrust Mort., No. C10-05431 HRL, 2011 WL 44655, at *1 (N.D. Cal. Feb. 4, 2011).

The removal statute is "strictly constue[d] . . . against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

### III. DISCUSSION

Reeves argues that the Court should remand this case to state court because: (1) Gamble's removal was untimely; (2) Gamble's notice of removal contains procedural defects; and (3) state court has concurrent jurisdiction.[3] See generally Mot. Gamble argues that her notice was timely and that any procedural defects are not fatal to removal. See generally Opp'n.

The Court GRANTS the motion to remand because Gamble's removal was

---

[3] The parties do not dispute that this Court has original jurisdiction over the matter. See generally Mot; Opp'n. However, Reeves incorrectly argues that concurrent state jurisdiction precludes federal jurisdiction. Mot. at 4. Just as Reeves lawfully elected to file this case—with both state and federal claims—in state court, Gamble could have lawfully removed this case to federal court. See Harper v. San Diego Transit Corp., 764 F.2d 663, n.2 (9th Cir. 1985) ("concurrent state court jurisdiction over a cause of action arising under federal law does not prevent removal."). Concurrent jurisdiction itself does not require remand.

1  untimely. While Gamble's removal contained procedural defects, these defects are not
2  fatal.

### A. Gamble's Removal is Untimely

Reeves argues that Gamble did not remove the complaint in the time required by 28 U.S.C. § 1446. See Mot. at 1–2. Generally, defendants seeking removal must file notice of removal within thirty days of receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within [thirty] days after the service of summons . . . whichever period is shorter." 28 U.S.C. §1446(b). Specifically, Reeves argues that the thirty day removal period began on July 13, 2020, when Gamble was served with a summons naming her as Doe 7. See id. Gamble did not file a notice of removal until January 13, 2021, more than thirty days later. See Mot. at 1–2; see generally Mot. of Removal.

Gamble argues that she had no standing to seek removal until she became a named defendant and received notice of the Third Amended Complaint on December 15, 2020. See Opp'n at 6, 8.; Mot. Ex A. Therefore, Gamble argues that her removal on January 13, 2021 falls within the thirty-day removal period.

The Court holds that the Notice of Removal was untimely because it was filed more than thirty days after July 13, 2020. A defendant's ability to remove a case "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999). Here, Reeves served Gamble with both a summons and the amended Second Amended Complaint on July 13, 2020, identifying Gamble as Doe 7 and notifying her of the ongoing litigation. See Mot. Ex. B at 1. The July 13, 2020 summons therefore triggered Gamble's ability to remove the case. See Murphy Bros., Inc., 526 U.S. at 348. Additionally, Gamble demonstrated that she was aware of the allegations against her as a result of the July 13, 2020 summons. Gamble participated in the litigation after the summons and before the Third Amended Complaint by filing a demurrer to Reeves'

4

Second Amended Complaint on September 3, 2020.  Mot. Ex. C.  She would not have done so if she did not know that she was one of the defendants in the case.  Reeves also alleges that Gamble filed a "Meet and Confer Letter acknowledging that she [was] a Defendant" on August 6, 2020.[4]  Reply at 4.  Gamble was aware that she was a defendant in this case prior to the filing of the Third Amended Complaint in December 2020.

That the Second Amended Complaint did not describe "Gamble's role in any of the matters forming the basis" of Reeves's claims does not change the removal timeline.  See Mot. Ex. D at 2.  The thirty-day removal requirement is "triggered by [a] defendant's receipt of an 'initial pleading' that reveals a basis for removal" or when a defendant receives an amended complaint or paper "from which it can be ascertained from the face of the document that removal is proper."  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  Courts have specified that even if a complaint is vague in its allegations, the action is removable if it raises a direct federal question.  See Dozler v. City of St. Helens, No. CIV 08-1127-HA, 2009 WL 152509, at *3 (D. Or. Jan. 21, 2009); see also Scott v. Greiner, 858 F. Supp. 607, 609–10 (S.D.W.Va. 1994).

Here, Gamble could ascertain that the complaint raised federal questions fit for removal on July 13, 2020, even if those allegations were vague in their connection to Gamble.  The Second Amended Complaint explicitly included federal causes of action.  See Mot. Ex. A at 1 (alleging violations of the Computer Fraud & Abuse Act and trademark law); Harris, 425 F.3d at 694.  Gamble even cited to federal law in her demurrer.  See generally Mot. Ex. C.

Additionally, the causes of action in the Third Amended Complaint are identical to those in the Second Amended Complaint.  See Mot. Exs. B at 1, E at 1.  When the state court granted Reeves leave to amend her complaint, it instructed Reeves not to change any of the causes of action.  See Mot. Ex. D at 2.  The only change between the two complaints is the precision with which Reeves linked Gamble to these causes of action.  See Mot. Ex.

---

[4] Neither party has provided this letter to the Court.

D at 2. The vagueness of the Second Amended Complaint was not enough to bar the action from being removed, and the federal claims it raised were enough to trigger the thirty-day removal period. See Dozler, 2009 WL 152509, at *3. Gamble's removal was untimely.

### B. Gamble's Procedural Defects are not Fatal

Reeves also argues that Gamble's removal notice contained fatal procedural defects. Defendants removing an action must file a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. §1446(a). However, defects in removal papers, such as the exclusion of a complaint, are procedural and thus can be curable in federal court. See Kuxhausen v. BMW Financial Services NA LLLC., 707 F.3d 1136, 1142–43 (9th Cir. 2013); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3733 (4th ed. 2011).

There is no dispute that Gamble's removal did not include copies of the First Complaint and Second Amended Complaint, as well as other necessary state court papers, in violation of 28 U.S.C. §1446(a). See Mot. at 3; Opp'n at 7. However, this omission is procedural. See Kuxhausen, 707 F.3d at 1142–43 (finding that a failure to attach an original complaint to a notice of removal is a procedural defect). Therefore, this error is not fatal and would be curable in federal court if removal were timely.

### IV. CONCLUSION

Because removal was untimely, the Court GRANTS the motion to remand.

**IT IS SO ORDERED.**

Dated: March 12, 2021

_____
CHARLES R. BREYER
United States District Judge